UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HOLLIS J. LARSON,

    Plaintiff,

v.

DAVID CRIST, DAVID CORBO,
CAPTAIN (unknown first name) LAIS,
MICHAEL SEATH, RONALD SCHWINDEL,
JOHN DOE, JEFFREY WHITE, ERIC
HENNEN, JOHN SOFIE,
CHRIS CHUTE, ATHANASIOS
CHRONAKOS, JESSICA SEROWIECKI,
MICHAEL SPAH, and SUZETTE BORST,

    Defendants.

Civil No. 05-2720 (PAM/AJB)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility at Oak Park Heights, Minnesota, commenced this action by filing a self-styled pleading entitled "Complaint For Violations Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) The matter is presently before this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that, with regard to several of the named Defendants, Plaintiff has failed to state a claim on which relief can be granted. It will be recommended that this action be summarily dismissed as to those Defendants.

## I. BACKGROUND

Plaintiff alleges that on February 2, 2003, he went to the "Security Center" at the Minnesota Correctional Facility at Stillwater, Minnesota, (where he was then incarcerated). He allegedly was escorted to the Security Center by several correctional officers, who were

acting under the supervision of Defendant Captain Lais. According to the complaint, when the correctional officers asked Plaintiff to cooperate, he first "responded with expletives," and then "laid face down on the floor." Some unidentified officer(s) then allegedly sprayed mace in Plaintiff's face, which prompted Plaintiff to get up off the floor. At that point, an officer allegedly accused Plaintiff of kicking him. Some other unidentified officer(s) allegedly responded to that accusation by pushing Plaintiff back to the floor, "blackening both of his eyes and causing contusions on his wrists and an abrasion on his leg."

Thereafter, Plaintiff was "taken to segregation and put in a shower." He asked someone to send a nurse to visit him, so he could be photographed. About a week later, a nurse did see him, but she refused to take his picture.

Plaintiff alleges that neither Defendant Lais, nor any other correctional officers, tried to protect or assist him during the incident described in the complaint. He further alleges that he sent written grievances about the incident to Defendants Warden David Crist and Assistant Warden David Corbo, but they have "taken no action."

Sometime after the events that allegedly occurred at the Security Center, a disciplinary action was brought against Plaintiff. He entered into a "plea agreement" in the matter, which allegedly called for "concurrent segregation sentences." Later, however, Defendant Michael Seath, or some other correctional officer, allegedly "changed the concurrent sentences to run consecutive." As a result of the disciplinary action, Plaintiff allegedly served 60 additional days in segregated confinement.

Plaintiff is now attempting to sue fourteen Defendants for allegedly violating his federal constitutional rights. As far as the Court can tell, he is claiming that his Eighth Amendment

rights were violated during the incident that occurred at the Security Center. He also claims that his constitutional right to due process was violated during the course of the disciplinary proceedings that resulted in his segregated confinement. He is seeking a judgment awarding him compensatory and punitive damages from the various named Defendants.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading must be screened pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed as to several named Defendants, because Plaintiff's complaint fails to state any actionable claim against them.

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780

3

F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing each defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state a § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

Plaintiff's current pleading fails to state any actionable § 1983 claim against Defendants Jeffrey White, Eric Hennen, John Sofie, Chris Chute, Athanosios Chronakos, Jessica Serowiecki, Michael Spah, and Suzette Borst, because it does not contain any factual allegations describing anything that any of those named Defendants purportedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights. Indeed, none of these Defendants is even mentioned in the meager factual allegations of Plaintiff's complaint. Therefore, Plaintiff clearly has failed to state any actionable claim for relief against any of these Defendants.

Plaintiff's complaint also fails to state an actionable claim against Defendants Crist and

Corbo. Plaintiff has alleged only that these two Defendants failed to do anything after they were informed about the Security Center incident. That allegation alone, however, is not sufficient to support a cognizable claim, because prison officials can<u>not</u> be held liable for merely failing to respond, (after the fact), to a prisoner's complaints about something that allegedly happened to him in prison. See <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (no constitutional right is violated where a prison official fails to process a prisoner's grievances). Thus, Plaintiff cannot maintain a civil rights action against Defendants Crist and Corbo based solely on his allegation that they failed to respond to his written grievances as he expected.[1]

Finally, the Court finds that Plaintiff has failed to state any actionable claim for relief against Defendant Seath. Plaintiff claims that Seath violated his right to due process in connection with the disciplinary proceeding that followed the Security Center incident.

To maintain a due process claim, a prisoner must allege, (and ultimately prove), that he has been deprived of some constitutionally protected interest without being afforded the benefits of due process. <u>Ragan v. Lynch</u>, 113 F.3d 875, 876 (8th Cir. 1997) ("[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake"). An actionable liberty interest will be found, and the protections of due process will therefore come into play, only when a prisoner has shown that he has suffered the type of unusual hardship or dramatic departure from ordinary prison life contemplated in <u>Sandin v. Conner</u>, 515 U.S. 472

---

[1] Nor could Plaintiff claim that Crist or Corbo should be held vicariously liable for any alleged misconduct of their subordinates, as it is well-settled that the doctrine of <u>respondeat superior</u> is not applicable to federal civil rights actions such as this one. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978).

(1995).

In <u>Sandin</u>, the Supreme Court held that a prisoner cannot sustain a due process claim unless he can show that he has suffered an "atypical and significant hardship... in relation to the ordinary incidents of prison life." <u>Id</u>. at 484. Our Court of Appeals has explained that, under <u>Sandin</u>, prisoner due process rights are implicated only when there have been "deprivations which work such <u>major disruptions</u> in a prisoner's environment and life that they present <u>dramatic departures</u> from the basic conditions and ordinary incidents of prison sentences." <u>Moorman v. Thalacker</u>, 83 F.3d 970, 972 (8th Cir. 1996) (emphasis added).

Here, Plaintiff has not pleaded an actionable due process claim against Defendant Seath, (or anyone else), because the only "hardship" alleged in support of his claim is the punishment he received as a result of his disciplinary proceedings, i.e., 60 additional days of segregated confinement. While that punishment may have been unpleasant, it does not constitute the type of "atypical and significant hardship" that will support a due process claim.

<u>Sandin</u> itself shows that restricted confinement and reduced privileges do not normally constitute the type of "atypical and significant hardship" that implicates a constitutionally protected liberty interest. The sanction at issue in <u>Sandin</u> was 30 days of segregated confinement, but other federal court cases decided after <u>Sandin</u> have held that even much harsher restrictions do not constitute the type of hardship that can give rise to a due process claim.

In two unpublished decisions, the Eighth Circuit found that periods of segregated confinement far longer than the 30 days involved in <u>Sandin</u> do not constitute an atypical and

6

unusual hardship giving rise to a constitutionally protected liberty interest. Howard v. Collins, No. 97-1642 (8th Cir. 1997), 1997 WL 710314 (eight month stint in "ad seg" would not support due process claim); Driscoll v. Youngman, No. 95-4037 (8th Cir. 1997), 1997 WL 581072 (135 days in disciplinary and administrative segregation would not support due process claim). See also Wycoff v. Nichols, 94 F.3d 1187, 1189-90 (8th Cir. 1996) (10 days of disciplinary detention followed by 90 days in a maximum security cell, did not constitute an atypical hardship requiring the protections of due process); Portley-el v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002) ("[w]e have consistently held that administrative and disciplinary segregation are not atypical and significant hardships under Sandin").

Based on Sandin, and the substantial body of federal case law interpreting and applying that decision, (including the Eighth Circuit cases cited above), the Court concludes, as a matter of law, that the punishment described in Plaintiff's complaint does not constitute the type of hardship that would implicate a protected liberty interest. Because Plaintiff was not deprived of a protected liberty interest, he was not entitled to due process. He has therefore failed to plead an actionable § 1983 due process claim.[2]

### III. CONCLUSION

For the reasons discussed above, it is recommended that this action be summarily dismissed as to Defendants Crist, Corbo, Seath, White, Hennen, Sofie, Chute, Chronakos,

---

[2] Plaintiff also seems to be claiming that his Eighth Amendment rights were violated because he was placed in segregated confinement. However, a period of segregated confinement is a fairly common aspect of prison life, which, by itself, cannot be viewed as a violation of the Eighth Amendment's "cruel and unusual punishment" clause. See Brown v. Nix, 33 F.3d 951, 955 (8th Cir. 1994) (prisoner's nine-year term of segregated confinement for multiple disciplinary infractions did not violate the Eighth Amendment).

Serowiecki, Spah and Borst, pursuant to 28 U.S.C. § 1915A(b). The Court will defer any ruling on the adequacy of Plaintiff's allegations against the other named Defendants, and Plaintiff will be allowed to pursue his claims against those Defendants at this time.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants David Crist, David Corbo, Michael Seath, Jeffrey White, Eric Hennen, John Sofie, Chris Chute, Athanasios Chronakos, Jessica Serowiecki, Michael Spah, and Suzette Borst, be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against the other Defendants named in his complaint be allowed to proceed at this time, without prejudice to any defenses that those Defendants may later seek to raise.

Dated: November 30, 2005

                 s/ Arthur J. Boylan
                 ARTHUR J. BOYLAN
                 United States Magistrate Judge

Pursuant to Local Rule 72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 14, 2005.