UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hollis Larson,                                                         Civil No. 05-2720 (PAM/AJB)

                                        Plaintiff,

        v.                                                    **MEMORANDUM AND ORDER**

David Crist, David Corbo, Captain Lais,
Michael Seath, Ronald Schwindel, John
Doe, Jeffrey White, Eric Hennen, John
Sofie, Chris Chute, Athanasios
Chronakos, Jessica Serowiecki, Michael
Spah, and Suzette Borst,

                                        Defendants.

_____

        This matter is before the Court on Plaintiff's Objections to the Report and
Recommendation ("R&R") of the United States Magistrate Judge, dated November 30, 2005,
and Plaintiff's appeal of the Magistrate Judge's Order issued on the same day.  For the reasons
that follow, the Court adopts in part and rejects in part the R&R and affirms the Order.

**BACKGROUND**

        The following facts are alleged in the Complaint.   During all events, Plaintiff was
incarcerated at MCF-Stillwater.   On February 2, 2003, unnamed correctional officers escorted
Plaintiff to the prison's security center pursuant to the order of Sergeant Ronald Schwindel.
The correctional officers would occasionally cease walking and chastise Plaintiff for not
cooperating.   Captain Lais questioned Plaintiff, who responded with expletives brought on by
a panic attack.   One of the officers asked Plaintiff to submit to a strip search, and when
Plaintiff asked why, the officers "began manhandling him."   (Compl. ¶ IV.5.)   Plaintiff laid

down "in surrender," and an officer knocked off Plaintiff's glasses and sprayed Mace in his eyes.  (Id. ¶ IV.7.)  Plaintiff was not struggling or acting violent.  The officers lifted Plaintiff off the ground, and one of the officers grabbed Plaintiff's leg and foot, removed his shoes, and accused Plaintiff of kicking him.  Even though Plaintiff was handcuffed, other officers slammed Plaintiff's face into the floor, which blackened his eyes and bruised his wrists and legs.  Captain Lais and other unnamed officers saw these actions but did not intervene. Plaintiff was taken to segregation, where Defendant Doe denied for a week his request to see a nurse.

On February 18, 2003, Defendant Seath presented a "plea agreement" to Plaintiff related to the February 2 incident.  (Id. ¶ IV.18.)  The agreement provided for concurrent segregation sentences in exchange for dismissing a charge against Plaintiff of assault on prison staff.  Plaintiff signed the agreement but noted "All Rights Reserved."  Defendant Seath or another officer later changed the agreement to provide for consecutive sentences, which resulted in Plaintiff spending another sixty days in segregation.  Plaintiff informally grieved his claims to Defendants Seath, Corbo, and Crist before filing a formal grievance.  According to the Complaint, correctional officers at MCF-Stillwater have used excessive force against inmates in the past, and Defendants Crist and Corbo knew of the pattern of physical abuse but took no action against the officers.

Plaintiff asserts the following claims: (1) Defendant Schwindel violated his right against cruel and unusual punishment by arbitrarily ordering Plaintiff to be handcuffed and taken to the security center; (2) Defendant correctional officers violated his right against cruel

and unusual punishment by using physical force and spraying him with Mace; (3) Defendant correctional officers committed assault and battery under Minnesota law; (4) the failure of Defendants Crist and Corbo to take disciplinary action to curb the pattern of physical abuse by inmates caused the assault, battery, and constitutional violations to occur; (5) Defendants Crist and Corbo's refusal to correct the segregation sentence violated Plaintiff's due process rights; (6) Captain Lais's failure to intervene caused the assault, battery, and constitutional violations to occur; (7) Defendant Seath's change of the segregation sentence was a violation of due process, cruel and unusual punishment, and false imprisonment; and (8) Defendant Doe's denial of Plaintiff's request to see a nurse was deliberate indifference to serious medical needs and negligence.

The Magistrate Judge screened the Complaint pursuant to 28 U.S.C. § 1915A. In the R&R, he recommended the dismissal of Defendants White, Hennen, Sofie, Chute, Chronakos, Serowiecki, Spah, and Borst, because the Complaint did not allege facts showing each of these Defendants' personal involvement in the alleged constitutional wrongdoing. The Magistrate Judge also recommended dismissal against Defendants Crist and Corbo because he construed the allegation against them only as a failure to respond to Plaintiff's grievances after the incident ended. Finally, the Magistrate Judge recommended dismissal against Defendant Seath because an extension of segregation time is not an unusual hardship under Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's claims against Defendants Lais, Schwindel, and Doe remain.

**DISCUSSION**

**A.      Objections to the R&R**

3

The Court must conduct a <u>de novo</u> review of any portion of the Magistrate Judge's opinion to which specific objections are made. <u>See</u> 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on a review of the record and Plaintiff's Objections, the Court adopts the R&R in part and rejects it in part.

Plaintiff first contends that he has specifically pled allegations showing that each named Defendant was personally involved in the wrongdoing. Plaintiff is incorrect. The Complaint contains no specific factual allegations that Defendants White, Hennen, Sofie, Chute, Chronakos, Serowiecki, Spah, or Borst acted or failed to act in violation of Plaintiff's constitutional rights. None of these Defendants is mentioned in the factual allegations of the Complaint; they are mentioned only in the caption. Plaintiff references a form on which the involvement of each correctional officer is purportedly documented, but he did not attach this form to the Complaint. Consequently, this portion of the R&R is adopted, but dismissal of the claims against Defendants White, Hennen, Sofie, Chute, Chronakos, Serowiecki, Spah, or Borst is without prejudice so that Plaintiff may amend his Complaint to state specific factual allegations of each Defendants' personal involvement in the substance of the Complaint. Drawing all inferences in Plaintiff's favor and liberally construing the Complaint, the Court cannot definitively say at this time that Plaintiff has no cause of action against these Defendants.

Plaintiff next avers that Defendants Corbo and Crist were notified of abusive conduct by correctional officers in the past but failed to take remedial action. According to Plaintiff, this constituted deliberate indifference to Plaintiff's rights and directly caused the alleged

constitutional violations.   To state a claim under this theory, Plaintiff must allege that Corbo and Crist tacitly authorized the wrongful acts by failing to take remedial action after learning of a pattern of similar acts.   See Wilson v. City of North Little Rock, 801 F.2d 316, 322 (8th Cir. 1986).   Here, the Complaint alleges that correctional officers engaged in excessive force against inmates in the past at MCF-Stillwater; that Crist and Corbo were notified of the pattern of abuse but failed to take action; and that their inaction caused Plaintiff's constitutional rights to be violated.   This is sufficient to state a cause of action under § 1983, and Plaintiff's claim against Defendants Crist and Corbo are not dismissed.

Plaintiff maintains that Defendant Seath violated his right to due process because Plaintiff was not afforded notice, a hearing, or a written statement before receiving an additional sixty days of segregation.   A due process claim must be founded on "a recognized liberty or property interest."   Ragan v. Lynch, 113 F.3d 875,  876 (8th Cir. 1997) (citing Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972)).   Administrative segregation, such as that endured by Plaintiff, does not implicate a recognized liberty or property interest.   See Sandin v. Conner, 515 U.S. 472, 483-86 (1995) (holding that segregation is not an atypical and significant hardship).   Accordingly, Plaintiff was not entitled to notice, a hearing, or a written statement before additional segregation was imposed.   Plaintiff also claims in his Objections, however, that he lost good time credits as a result of the segregation.   Although good time credits are a recognized liberty interest, Plaintiff did not plead this loss in the actual

Complaint.   As he has requested, Plaintiff will be permitted to amend his Complaint to include this claim.[1]

**B.      Appeal of the Magistrate Judge's Order of November 30, 2005**

In addition to objecting to the R&R, Plaintiff appeals the Magistrate Judge's denial of his motion to appoint counsel, arguing that a magistrate judge does not have the authority to decide such a motion.   The Court must modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law.   See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).   A magistrate judge has the authority to decide whether counsel should be appointed.   See In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986); 28 U.S.C. § 636(b)(1)(A).   Here, the Magistrate Judge properly considered the relevant factors in denying the motion, and this aspect of the Order is affirmed.

Plaintiff also appeals the part of the Order requiring him to file one completed Marshal service form and one copy of the Complaint for each of the remaining Defendants within thirty days.   Plaintiff cites to Federal Rule of Civil Procedure 4(m), which permits a court to dismiss a case without prejudice if the complaint is not served within 120 days of filing.   Rule 4 does not apply to court orders, but even if it did, the Magistrate Judge's Order does not violate Rule 4(m).   The Order merely requires Plaintiff to submit Marshal service forms and extra copies of the Complaint within thirty days, which is not clearly erroneous or contrary to law.   Indeed,

---

[1]      Plaintiff's separate but related Objection that the alteration of the plea agreement without notice or a hearing violated his right to due process is overruled as to segregation but sustained as to the loss of good time credits.

the thirty-day requirement works to Plaintiff's benefit because it will ensure that the Complaint is served within the mandated time period.   Considering that the amended complaint will be reviewed under § 1915A before it is served on any remaining Defendants, however, this aspect of the Order is now moot.[2]

Plaintiff next asks to be excused from paying the costs of copying the Complaint, and he claims he is unable to provide addresses for all Defendants.   Plaintiff has been granted in forma pauperis ("IFP") status.   A plaintiff proceeding IFP must provide addresses for service on the defendants.   Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993).   Nevertheless, because Plaintiff will be filing an amended complaint, he need not fulfill this requirement at this time.   Similarly, his request for the Court to excuse him from paying the copying costs for the requisite number of Complaints to be served is likewise moot.   Even so, the Court notes that Plaintiff has not cited any authority that would compel the Clerk of Court to make copies for Plaintiff.   Proceeding IFP does not relieve Plaintiff from the obligation to provide copies of his Complaint for service of process.   The IFP statute, 28 U.S.C. § 1915, provides for Marshal service at no expense to qualified IFP litigants, but it provides no comparable authorization for any free copies of court records.   See Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964); Hollum v. Kent, 262 F.2d 862, 863 (6th Cir. 1959).   Plaintiff should bear this

---

[2]   Plaintiff need not provide extra copies of the amended complaint at this time since it will be reviewed under § 1915A before it is served.   If the amended complaint survives the initial screening, the Magistrate Judge will instruct Plaintiff about submitting Marshal service forms and extra copies of the amended complaint.

in mind when re-pleading, and focus only on critical facts and sue only defendants against whom he has a viable claim.

Plaintiff's final argument is that the Magistrate Judge is biased against him. This contention is completely without merit, and the Court disturbs no portion of the Order or the R&R on this basis.

**CONCLUSION**

Plaintiff's claims against Defendants White, Hennen, Sofie, Chute, Chronakos, Serowiecki, Spah, and Borst are dismissed without prejudice. Plaintiff is granted leave to file an amended complaint by March 1, 2006, to cure the pleading deficiencies described above. If Plaintiff does not file an amended complaint, the Court will dismiss all claims against the above-named Defendants with prejudice and proceed under the original Complaint. The Court advises Plaintiff that the amended complaint will completely supersede and replace the original Complaint, and consequently, he must state all claims against all Defendants in the amended complaint. Finally, the amended complaint will be reviewed under 28 U.S.C. § 1915A. Accordingly, **IT IS HEREBY ORDERED** that:

1.   The R&R of November 30, 2005 (Clerk Doc. No. 9) is **ADOPTED IN PART** and **REJECTED IN PART**;

2.   Plaintiff's claims against Defendants Seath, White, Hennen, Sofie, Chute, Chronakos, Serowiecki, Spah, and Borst are dismissed without prejudice pursuant to 28 U.S.C. § 1915A;

3.   The Order of November 30, 2005 (Clerk Doc. No. 10) is **AFFIRMED**;

4.      Plaintiff's Motion for Extension of Time to File (Clerk Doc. No. 16) is

**DENIED AS MOOT**;

5.      Plaintiff is permitted until March 1, 2006, to file an amended complaint; and

6.      The amended complaint shall be screened under 28 U.S.C. § 1915A.

Dated: February 7, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge