# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# THIRD DIVISION

Hollis J. Larson,                                                                   Civil No. 05-2720 PAM/AJB

            Plaintiff,

                                                        **REPORT AND RECOMMENDATION**
v.                                                                                             **ON MOTION FOR DEFAULT JUDGMENT**

David Crist, et al.,

            Defendants.

      This action is before the United States Magistrate Judge for Report and Recommendation on plaintiff's motions for default judgment pursuant to Fed. R. Civ. P. 55 with respect to defendant Monica Lais [Docket Nos. 50 and 52] and defendant Ronald Schwindel [Docket Nos. 54 and 56].[1]  Plaintiff is a prisoner incarcerated at MCF–Oak Park Heights.  Defendants are the warden and various employees at MCF–Oak Park Heights.  Plaintiff filed a pro se complaint for violation of civil rights under 42 U.S.C. § 1983.  The complaint asserts violation of plaintiff's constitutional rights arising out of an excessive force claim.  Plaintiff seeks compensatory and punitive damages.

      By Order dated November 30, 2005, plaintiff was granted IFP status and the U.S. Marshals Service was instructed to complete service upon return of U.S. Marshals Service Forms 285 from the plaintiff with respect to defendants Monica Lais and Ronald Schwindel.  The magistrate judge

---

[1] Plaintiff has filed separate motions for default judgment [Docket Nos. 52 and 56] and "requests" for entry of default judgment [Docket Nos. 50 and 54] with respect to each defendant.

issued a contemporaneous report and recommendation for summary dismissal of remaining defendants and plaintiff filed objections to the report and recommendation for summary dismissals.  USMS Forms 285 were submitted with respect to defendants Lais and Schwindel and summons were issued and served.  Defendants Lais and Schwindel timely filed a joint answer to the complaint on February 6, 2006.  Subsequently, the district court issued an Order dated February 7, 2006, therein rejecting the recommendation for immediate summary dismissal of remaining defendants and allowing plaintiff the opportunity to serve and file an amended pleading to cure deficiencies in the complaint with respect to those defendants.  Plaintiff filed an amended complaint on February 22, 2006, and summons were issued on March 13, 2006.  Service of the amended complaint on all defendants except Lais and Schwindel was completed by the U.S. Marshals Service.  Plaintiff was expressly instructed that he must make personal service of the amended pleading on the previously served defendants himself, by U.S. mail or otherwise.[2]  A joint answer on behalf of all defendants, including Monica Lais and Ronald Schwindel, was served and filed on May 10, 2006.  The requests and motions for default judgment were filed on May 12, 2006.

      Plaintiff asserts that neither defendant Monica Lais nor defendant Ronald Schwindel had filed and served an answer to his amended complaint though more than 55 days had passed since service of the amended complaint by mail and more than 20 days passed since service of the summons.  He contends that answers to his amended complaint were not timely filed under the Federal Rules of Civil Procedure and he is therefore entitled to default judgment in the amount of $50,000 against each

---

[2] Order dated March 14, 2006.

of those defendants.

Fed. R. Civ. P. 15(c)(2) provides that an amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. In this instance the amended answer clearly relates to the same conduct and occurrence that was addressed in the initial answer. With respect to defendants Monica Lais and Ronald Schwindel the joint answer filed on May 10, 2006, is an amended answer that relates back to the date of the original answer which was timely filed and served on February 6, 2006. Plaintiff's motions and requests for default judgment are without merit.

Based upon the foregoing discussion and the entire record in this matter, the Magistrate Judge makes the following:

## RECOMMENDATION

The Magistrate Judge **hereby recommends** that plaintiff's motions for default judgment and his requests for entry of default judgment against defendants Monica Lais and Ronald Schwindel be **denied** [Docket Nos. 50, 52, 54, and 56]. It is **further recommended** that defendants' joint answer be deemed to have been timely served and filed on May 10, 2006, with respect to all defendants who have been effectively served.

Dated:   May 30, 2006

   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

3

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 15, 2006.