UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hollis Larson,                                                                   Civil No. 05-2720 (PAM/AJB)

          Plaintiff,

v.                                                                                                **ORDER**

David Crist, et al.,

          Defendants.

---

This matter is before the Court on Plaintiff's Applications to Proceed without Pre-Payment of Fees.[1] A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for in forma pauperis ("IFP") status. See Fed. R. App. P. 24(a); 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that he cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, IFP status will be denied if the Court finds that the appeal is not "taken in good faith." Id. § 1915(a)(3).

**A.    Inability to Pay**

Plaintiff's affidavit shows that he has no significant income or assets. Based on this information, the Court finds Plaintiff financially eligible for IFP status. Of course, awarding Plaintiff IFP status does not allow him to avoid paying the $455.00 filing fee for an appeal. Id. § 1915(b)(1). Rather, Plaintiff may pay the fee in installments rather than in one full

---

[1] Plaintiff filed two Applications to Proceed without Pre-Payment of Fees: one on May 1, 2006 (Docket No. 45) and one on July 6, 2006 (Docket No. 90).

payment. Id. The Court evaluates the IFP application to determine whether the prisoner has sufficient assets and means to pay an initial partial filing fee pursuant to § 1915(b)(1).

In this case, Plaintiff's inmate account statement shows an available balance of $5.00 as of May 11, 2006. However, the statement does not span the six-month period preceding the notice of appeal, as required by § 1915(a)(2); the statement details transactions from November to December 2005. The other document provided by Plaintiff, an affidavit, shows that his average monthly income is $0.00. Based on this information, the Court concludes that Plaintiff is unable to pay an initial partial filing fee. Instead, Plaintiff shall pay the filing fee by the installment method contained in § 1915(b)(2). See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997).

**B.**     **Appeal in Good Faith**

Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. at 445-46. An appeal "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Although the Court remains fully satisfied that the Motion to Appoint Counsel was properly denied, the Court finds that the appeal is taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Applications to Proceed

Without Pre-Payment of Fees (Docket Nos. 45 and 90) are **GRANTED**.

Dated: July 25, 2006

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge