UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


Hollis Larson,                                                          Civil No. 05-2720 (PAM/AJB)

                              Plaintiff,

v.                                                                      **MEMORANDUM AND ORDER**

David Crist, et al.,

                              Defendants.

_____

     This matter is before the Court on Plaintiff's objection to a May 30, 2006 Report and

Recommendation ("R&R"), and his appeals of  February 28, 2006 and May 30, 2006 Orders,

all issued by Magistrate Judge Arthur J. Boylan.  For the reasons that follow, the Court

overrules the objections and adopts the R&R.  In addition, the Court affirms in part the

February 28, 2006 Order and affirms in whole the May 30, 2006 Order.

**BACKGROUND**

     At all times relevant to this action, Plaintiff Hollis Larson was incarcerated at MCF-

Stillwater.[1]   Defendants are various employees of either the Minnesota Department of

Corrections or MCF-Stillwater.

     In November 2005, Plaintiff commenced this action under 42 U.S.C. § 1983, alleging

various constitutional violations. The Magistrate Judge screened the Complaint under 28

U.S.C. § 1915A.  Based on that screening, the Magistrate Judge recommended that the Court

---

[1] Plaintiff is now incarcerated at MCF-Oak Park Heights.  He was re-incarcerated after violating conditions of his supervised release.  (Compl. ¶ 3.)

dismiss several Defendants named in the Complaint but allow Plaintiff to proceed with claims against the remaining Defendants. The Magistrate Judge also granted Plaintiff in forma pauperis status and instructed the United States Marshal to complete service upon the remaining Defendants, including Monica Lais and Ronald Schwindel. Service on both Monica Lais and Ronald Schwindel occurred on January 17, 2006. Monica Lais and Ronald Schwindel timely filed a joint Answer to the Complaint on February 6, 2006.

Meanwhile, Plaintiff objected to the Magistrate Judge's recommendation of dismissing the other Defendants. The Court sustained the objections in part and allowed Plaintiff to file and serve an Amended Complaint to cure the deficiencies in the initial Complaint.[2] Plaintiff filed the Amended Complaint on February 22, 2006. The Clerk of Court issued summons on March 13, 2006. Plaintiff served the Amended Complaint on Monica Lais and Ronald Schwindel via mail on March 16, 2006. The United States Marshal also served Monica Lais with the Amended Complaint on June 13, 2006.[3] Both Monica Lais and Ronald Schwindel, as

---

[2] In November 2005, the Magistrate Judge denied Plaintiff's Motion to Appoint Counsel. After the Court affirmed that denial, Plaintiff appealed that issue to the Eighth Circuit Court of Appeals. That appeal is now pending. Plaintiff has also filed Motions for a Temporary Restraining Order and a Permanent Injunction. (Docket Nos. 3 and 14.) In addition, he filed a Petition for Writ of Habeas Corpus Ad Testificandum, a Motion for Leave to Serve Defendants with More than Twenty-Five Interrogatories, and a Motion to Compel. (Docket Nos. 13, 29, and 92.) The Petition and Motions are presently before the Magistrate Judge.

[3] The initial Complaint only named "Captain Lais" as a defendant. The Amended Complaint lodges claims against both Monica Lais and Pat Lais. When serving the Amended Complaint, apparently there was some confusion as to how service was to be effectuated. The Magistrate Judge informed Plaintiff that he must make personal service of the Amended Complaint on the previously served Defendants. However, in doing so, the Magistrate Judge erroneously instructed Plaintiff to personally serve Pat Lais instead of Monica Lais. Plaintiff

2

well as several other Defendants, filed a joint Answer to the Amended Complaint on May 10, 2006.[4]

In May 2006, Plaintiff filed Motions for Default Judgment against Monica Lais and Ronald Schwindel, seeking $50,000 from each Defendant.   The R&R recommends that the Court deny the default judgment motions.   Plaintiff also filed a Motion for Appointment of a Medical/Psychological Expert, which the Magistrate Judge denied.

**DISCUSSION**

**A.     Default Judgment**

Plaintiff objects to the Magistrate Judge's recommendation that the Court deny the Motions for Default Judgment against Monica Lais and Ronald Schwindel.   The Court has conducted a de novo review of the objection and the record.   See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).   Based on that review, the Court overrules the objection and adopts the findings and conclusions in the R&R.

Generally, a defendant must serve an answer within twenty days of being served with a summons and complaint.   See Fed. R. Civ. P. 12(a).   However, if the plaintiff serves an amended complaint, the defendant must respond to the amended complaint within either the time remaining for response to the original complaint or within ten days after service of the

_____

pointed out this error in his appeal of the February 28, 2006 Order.   (Docket No. 37).   The Court sustains that portion of Plaintiff's appeal. However, the Court overrules as moot Plaintiff's objection as it relates to his Motion for Enlargement of Time.

[4] Defendants John Sofie and Michael Spah did not join the Answer.   The summons for those Defendants were returned un-executed on June 19, 2006.

amended complaint, whichever is longer.  See Fed. R. Civ. P. 15(a).

If a defendant fails to respond within these time parameters, the Court may enter a default judgment.  However, default judgments are not favored.  United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).  The determination of whether a default judgment is warranted is left to the discretion of the Court.  Fed. R. Civ. P. 55(b)(2); Fed. Trade Comm'n v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977) (citations omitted).  The Court considers several factors, including the amount of money at issue, whether factual disputes exist, whether the default is largely technical, and whether the grounds for default are clearly established.  In addition, the Court may consider the merits of the action despite the fact that a defendant failed to answer.  Roach v. Churchman, 431 F.2d 849, 855 (8th Cir. 1970).

Based on these considerations, the Court finds that a default judgment against Monica Lais and Ronald Schwindel is unwarranted.  Awarding a default judgment would create a windfall for Plaintiff.  Moreover, these Defendants timely served their Answer to the initial Complaint, and all Defendants who have been served with a Summons and Complaint have now filed a joint Answer to the Amended Complaint.  A decision on the merits of this case is more appropriate.  Accordingly, the Court overrules Plaintiff's objections to the R&R.

**B.      Motion for Appointment of a Medical/Psychological Expert**

Plaintiff contends that the Magistrate Judge erroneously denied his Motion for Appointment of a Medical/ Psychological Expert pursuant to Federal Rule of Evidence 706.[5]

_____

[5] Plaintiff also contends that the Magistrate Judge does not have jurisdiction to decide issues in this action because he has not consented to referring the issues to the Magistrate Judge. However, 28 U.S.C. § 636(b)(1)(A) allows a district court to designate a magistrate judge to hear and determine nondispositive pretrial matters, independent of the parties' consent.

The Court applies an extremely deferential standard of review to the nondispositive issue and must affirm the denial unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999) (Montgomery, J.).

Plaintiff maintains that an expert is required to opine on medical, psychological, and psychiatric issues involved in this action. He relies on several cases involving allegations of deliberate indifference to medical needs. See, e.g., Robinson v. Hager, 292 F.3d 560 (8th Cir. 2002); Smith v. Jenkins, 919 F.2d 90 (8th Cir. 1990). However, his reliance is misplaced, as none of the cases establish a categorical rule requiring expert opinion to establish a § 1983 claim based on a Eighth Amendment violation. Moreover, none require a court to appoint an expert to establish the plaintiff's claim. For example, Robinson held that expert testimony was necessary to establish causation because the injury alleged was sophisticated and inconspicuous. 292 F.3d at 564. The Smith court ruled that expert testimony was necessary to address whether a medical course of treatment so deviated from professional standards that it amounted to deliberate indifference. 919 F.2d at 93.

This case does not involve complex causation issues that are beyond a fact-finder's comprehension. It does not involve injuries that required surgical intervention or other highly scientific technique for diagnosis. Rather, the medical needs resulting from Defendants' alleged mistreatment were immediate and obvious. Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (a serious medical need is "one that has been diagnosed by a physician as

requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention"); see also Turner v. Iowa Fire Equip. Co., 229 F.3d 1202, 1210 (8th Cir. 2000) ("a causal connection between an event and an injury may be inferred in cases in which a visible injury or a sudden onset of an injury occurs").

Nor does this case involve professional standard of care issues.    Rather, the injuries that Plaintiff allegedly suffered as a result of Defendants' alleged mistreatment and subsequent denial of immediate medical treatment are of the kind that a layperson can easily recognize as requiring medical attention.    Finally, the Court notes that an appointment under Rule 706 is infrequent and usually done to minimize the practice of expert shopping.    See Fed. R. Evid. 706 Advisory Committee Note.    For these reasons, the Court cannot concluded that the Magistrate Judge committed clear error in denying the Motion for Appointment of a Medical/Psychological Expert.    Of course, Plaintiff may retain an expert on his own. However, the Court will not appoint one for him.

**CONCLUSION**

Because a determination on the merits is more appropriate than default judgments against Monica Lais and Ronald Schwindel, the Court overrules Plaintiff's objection to the R&R.    Because this action does not involve complex causation issues relating to latent injuries, the Court will not appoint an expert to establish Plaintiff's claims.    Accordingly, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Appeal of the February 28, 2006 Order (Docket No. 37) is

    **GRANTED in part** and **DENIED in part as moot**;

2.    Plaintiff's Objection to the May 30, 2006 R&R (Docket No. 62) is

**OVERRULED**:

    a.      The May 30, 2006 R&R (Docket No. 61) is **ADOPTED**;

    b.      Plaintiff's Motions for Default Judgment and Requests of Default Judgment against Defendants Monica Lais and Ronald Schwindel (Docket Nos. 50, 52, 54, and 56) are **DENIED**;

    c.      The joint Answer to the Amended Complaint is deemed timely served and filed on May 10, 2006 with respect to all Defendants who have been effectively served;

3.      Plaintiff's Appeal of the May 30, 2006 Order denying Plaintiff's Motion for Appointment of a Medical/Psychological Expert (Docket No. 63) is **DENIED**.

Dated:  July 25, 2006

                                     s/ Paul A. Magnuson
                                     Paul A. Magnuson
                                     United States District Court Judge