UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hollis J. Larson,                                                                 Civil No. 05-2720 (PAM/AJB)

                Plaintiff,

v.                                                                                         **ORDER AND MEMORANDUM**

David Crist, et al.,

                Defendants.

This matter is before the Court on Plaintiff Hollis J. Larson's Objections to the Report and Recommendation ("R&R") issued by Magistrate Judge Arthur J. Boylan on August 7, 2007. The R&R recommended that Defendants' Motion for Dismissal or for Summary Judgment be granted, that all federal claims in the Amended Complaint be dismissed without prejudice, and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Based on the record and Plaintiff's Objections, the Court adopts the R&R, dismisses federal claims with prejudice, and dismisses any state claims without prejudice.

**BACKGROUND**

Plaintiff was an inmate of the Minnesota Correctional Facility in Stillwater, Minnesota ("MCF-Stillwater").[1] Defendants are employees the Minnesota Department of Corrections (MDOC) and/or MCF-Stillwater. In his Amended Complaint, Plaintiff alleges that

---

[1] Plaintiff is now incarcerated at the Minnesota Correctional Facility in Oak Park Heights. He was re-incarcerated after violating supervised release conditions.

1

Defendants violated his federal constitutional rights by using excessive force, refusing medical care, and imposing a segregation sentence for a disciplinary offense.[2] Plaintiff also alleges state claims for tortious false imprisonment, negligence, failure to train, assault, battery, and negligent and intentional infliction of emotional distress.

In recommending that Defendants' Motion for Dismissal or for Summary Judgment be granted, Magistrate Judge Boylan concluded that except for the claim involving the length of the segregation sentence, Plaintiff had not exhausted administrative remedies. As for the segregation claim, dismissal was recommended pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) because Plaintiff had not prevailed in a habeas corpus petition related to the segregation issue.

In his Objections, Plaintiff contended that he did exhaust his administrative remedies and that the <u>Heck</u> doctrine does not apply to prison disciplinary proceedings.[3]

---

[2] The segregation sentence was imposed after Plaintiff pled guilty to three disciplinary charges stemming from events of February 2, 2003. Plaintiff alleges that a prison employee altered a "Waiver of Hearing–Plea of Guilty" document after Plaintiff signed it to make a 90-day sentence for abuse/harassment and a 30-day sentence for interference with security procedures consecutive to instead of concurrent with a 90-day sentence for disorderly conduct. Defendants characterize the alteration as a clerical error and assert that during plea negotiations the parties agreed that Plaintiff would spend 105 days in segregation, evidenced by handwriting on the plea document stating that Plaintiff was to be sentenced to "120 days do 105." (Defs.' Resp. to Pl.'s Objections to R&R at 4.) The record reflects that Plaintiff spent 105 days in segregation.

[3] Plaintiff also claimed that Magistrate Judge Boylan erred by not notifying Plaintiff that the Motion would be treated as a motion for summary judgment. This claim is without merit because Defendants' Motion was for dismissal <u>or</u> for summary judgment, and because Plaintiff submitted an "Affidavit in Opposition to Defendants' Motion for Dismissal or Summary Judgment" to which he attached thirty-four exhibits. (<u>See</u> Docket No. 131.)

**DISCUSSION**

The Prisoner Litigation Reform Act bars actions under federal law unless the prisoner has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). The purpose is to "afford[] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524-25 (2002).

Plaintiff did not exhaust MDOC administrative procedures for complaining about excessive force. On February 5, 2003, Plaintiff submitted an Offender Kite Form and Offender Grievance form that included an excessive force claim among the allegations. However, the grievance document was returned to Plaintiff pursuant to administrative procedures because Plaintiff failed to attach a kite to the grievance and because Plaintiff failed to follow the appeal process for disciplinary allegations. (See Pl.'s Aff. Exs. 1-3.) There is no indication that Plaintiff was prevented from resubmitting the grievance with proper documentation or that Plaintiff was denied an opportunity to be heard. Accordingly, the Court concludes that he failed to exhaust administrative remedies on the excessive force claim.

Nor did Plaintiff exhaust administrative remedies on his medical care claim. Plaintiff asserts that he submitted informal and formal grievances pursuant to administrative procedures but "no longer possesses his copies." (Objection to R&R at 12.) However, affidavit testimony and exhibits demonstrate that Plaintiff did not file formal grievances regarding medical care. (See Thron Aff. ¶ 6 & Ex. 2.) Therefore, there can be no claim in this action alleging deprivation of medical care.

The parties agree that Plaintiff has exhausted his administrative remedies regarding the segregation allegations but disagree as to whether Heck applies to sentences imposed during prison disciplinary proceedings. In Heck, the United States Supreme Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been . . . called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. The Heck rationale that prisoners should not be able to use a damages suit to avoid habeas corpus procedures "applies whether the prisoner challenges a conviction imposing a sentence or a prison administrative ruling lengthening a sentence." Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

Plaintiff's petition for writ of habeas corpus on the segregation issue was denied. See Larson v. Fabian, No. 06-CV-2664 (PAM/AJB) (D. Minn. Sept. 14, 2007) (Magnuson, J.). Accordingly, Heck bars Plaintiff from maintaining the claim in this action, and at this stage it is appropriate to dismiss this and all federal claims with prejudice. The Court declines to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725-26 (1966).

**CONCLUSION**

Plaintiff did not exhaust his administrative remedies on claims involving excessive force and medical care and failed to receive a writ of habeas corpus regarding his segregation sentence. For these reasons, these federal claims are not properly before the Court, and the Court declines to exercise supplemental jurisdiction over state law claims. Accordingly, **IT**

**IS HEREBY ORDERED** that:

1. Defendants' Motion for Dismissal or for Summary Judgment (Docket No. 117) is **GRANTED**;

2. The R&R recommending dismissal (Docket No. 138) is **ADOPTED**;

3. Plaintiff's Objections to the R&R (Docket No. 139) are **OVERRULED**;

4. Plaintiff's claims based in federal law are **DISMISSED with prejudice;** and

5. Any remaining state law claims are **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 14, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
